

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
D'AMICO DRY LIMITED,

              Plaintiff,

   - against -                                 09 CV ____
                                               ECF CASE

PRIMERA MARITIME (HELLAS)
LIMITED,

              Defendant.
------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, D'AMICO DRY LIMITED ("d'Amico" or "Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, PRIMERA MARITIME (HELLAS) LIMITED ("Primera" or "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333.

3. This is an action for enforcement of a judgment pursuant to New York Consolidated Law Services Civil Practice Law and Rules Article 53 for the Recognition of Foreign Country Money Judgments (2009).

4. At all material times to this action, Plaintiff d'Amico was a foreign company duly organized and operating under foreign law with an office and place of business in Italy.

5. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with a registered

office at 80 Broad Street, Monrovia, Liberia and a trading address of 6, Roupel Street, 145 64 Kifissia, Athens, Greece.

6. By way of a Forward Freight Agreement dated September 2, 2008 (hereinafter the "FFA"), Defendant Primera agreed to sell and buy freight futures with the Plaintiff for the months of January, February and March 2009 respectively, with settlement monthly.

7. The FFA provided for settlement dates of January, February and March 2009.

8. Despite due demand for payment, Defendant failed to remit payment to Plaintiff in respect of the January 2009 contract month in breach of the FFA.

9. As a result, Plaintiff became entitled to terminate the FFA and on or about February 23, 2009, Plaintiff terminated the FFA.

10. As a result of Defendant's breach of the FFA contract, Plaintiff has suffered a loss in the total principal sum of $1,752,973.30 exclusive of interest, costs and attorneys fees.

11. Pursuant to clause 15 of the FFA contract all disputes arising thereunder are to be submitted to the English High Court of Justice with English law to apply.

12. Plaintiff commenced proceedings against Primera in the High Court of Justice, Queen's Bench Division, Commercial Court under Claim No. 2009 Folio 218 in accordance with the FFA contract.

13. On June 19, 2009, the High Court of Justice, by The Honorable Mr. Justice Flaux, entered final unappealable judgment against Primera in the sum of $1,766,278.54 (comprising the principal due of US$1,752,973.30 together with compound interest at the contractual rate accrued up to June 19, 2009). Legal costs in the amount of GBP 17,000 which is equal to the sum of $28,056.39 were also awarded. *See High Court Order dated June 19, 2009 annexed hereto as Exhibit "1."*.

14.     Despite due demand, Defendant has failed to pay the judgment entered against it. As such, the following sums remain due and owing to the Plaintiff.

|   |   |   |
|---|---|---|
| A. | Total Principal Claim: | $1,752,973.30 |
| B. | Fees and costs as awarded in UK High Court: | $28,056.39 |
| C. | Interest to date on Claims: | $156,852.02 |

*Interest awarded in High Court Judgment to June 19, 2009*     $13,305.24

*Interest from June 19, 2009 to August 31, 2009 at the U.K. post-judgment interest rate of 8%*     $143,546.78

**Total**                                                                                           **$1,937,881.60**

15.     As the judgment is final, binding and un-appealable, Plaintiff respectfully requests that the Judgment be duly recognized, confirmed, and enforced and that judgment be rendered in its favor and against the Defendant Primera in the total sum of **$1,937,881.60** which equals the principal sum of $1,752,973.30 awarded by the High Court of Justice together with interest compounded at the contractual rate to the date of judgment on June 19, 2009 in the amount of $13,305.24, interest calculated at the UK post-judgment interest rate of 8 percent per annum pursuant to section 17 of the U.K. Judgments Act 1838 in the amount of $143,546.78 and an additional $28,056.39 in fees and costs.

16.     The Plaintiff further seeks an order from this court directing the Clerk of Court to issue an Order to compel the turnover of assets belonging to the Defendant in the hands of the Defendant and/or garnishees pursuant to CPLR Article 52 attaching, *inter alia*, any property of the Defendant held by any garnishees over which this Court has jurisdiction.

**WHEREFORE**, Plaintiff prays:

A. That the High Court Judgment be duly recognized, confirmed, and enforced and that judgment be rendered in its favor and against the Defendant Primera in the total sum of **$1,937,881.60**.

B. That process in due form of law issue directing the Clerk of Court to issue an Order to compel the turnover of assets belonging to the Defendant in the hands of the Defendant and/or garnishees pursuant to CPLR Article 52 attaching, *inter alia*, any property of the Defendant held by any garnishees over which this Court has jurisdiction.

C. That process in due form of law issue against the Defendant citing them to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,937,881.60**.

D. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: September 11, 2009
New York, NY

The Plaintiff,
D'AMICO DRY LIMITED,

By: /s/ Lauren C. Davies
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
One Grand Central Place
60 East 42nd Street, Suite 1638
New York, NY 10165-6220
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                      )   ss.:   Southport
County of Fairfield )

1. My name is Lauren Cozzolino Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     September 11, 2009
            Southport, CT

_____
Lauren Cozzolino Davies

# EXHIBIT 1

IN THE HIGH COURT OF JUSTICE  Claim No. 2009 Folio 218
QUEEN'S BENCH DIVISION
COMMERCIAL COURT
Before The Honourable Mr Justice Flaux
In Public

BETWEEN:

D'AMICO DRY LIMITED

**Claimant**

– and –

PRIMERA MARITIME (HELLAS) LIMITED

**Defendant**



ORDER

UPON the Claimant's application for Summary Judgment in its favour;

AND UPON reading the written evidence filed;

AND UPON hearing counsel for the Claimant and for the Defendant;

AND UPON the Court having found that the Defendant has no real prospect of successfully defending the claim and there is no other reason why the claim should be disposed of at a trial;

IT IS ORDERED THAT:

1. Pursuant to CPR 24.2, there be summary judgment for the Claimant in the sum of US$ 1,766,278.54 (comprising the principal due of US$1,752,973.30 together with compound interest at the contractual rate accrued up to the date of judgment), which shall be paid by the Defendant to the Claimant.

1

2. It is declared that the Defendant remains obliged to honour its obligations under s. 11 Master Agreement and will, on demand, indemnify and hold harmless the Claimant for and against all reasonable out-of-pocket expenses, including legal fees and Stamp Tax, incurred by the Claimant by reason of the enforcement and protection of its rights under this Agreement, including, but not limited to, costs of collection. It is ordered that, on demand by the Claimant, the Defendant must so indemnify it within five London business days.

3. The Defendant shall pay the Claimant's costs of this application and its other costs of these proceedings, which are summarily assessed at £17,000. The payment is to be made within 14 days of this Order.

Dated this 19th Day of June 2009

Claim No. 2009 Folio 218

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

The Honourable Mr Justice Flaux
In Public

BETWEEN:

D'AMICO DRY LIMITED

**Claimant**

– and –

PRIMERA MARITIME (HELLAS) LIMITED

**Defendant**

---

ORDER

---

Ince & Co
International House
1 St Katharine's Way
London E1W 1AY

Tel: 020 7481 0010
Fax: 020 7481 4968
Ref: WJM / RPM / 8643 / 8788
Solicitors for the Claimant