# BLANKROME

The Chrysler Building
405 Lexington Avenue | New York, NY 10174

*Phone:*     *(212) 885-5152*
*Fax:*       *(917) 332-3858*
*Email:*    *WBennett@BlankRome.com*

October 22, 2018

## VIA ECF

Honorable John G. Koeltl
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

      Re:    **D'Amico Dry Limited v. Primera Maritime (Hellas) Limited et al.**
             **1:09-cv-07840-JGK**

Dear Judge Koeltl:

      We represent the alleged alter ego defendants in the referenced matter and write to respond to Plaintiff d'Amico Dry Limited's ("d'Amico or Plaintiff") October 19, 2018, letter asking Your Honor "to dismiss the Complaint against Nikka Finance, Inc. only on the basis that the Court lacks personal jurisdiction." d'Amico's purpose here is clear; **it is forum shopping the issue of whether Nikka Finance is the alter ego of Primera Maritime (Hellas).**

      d'Amico filed the referenced matter in this Court in 2009, eventually adding the alleged alter egos defendants in December 2010. On June 22, 2018, d'Amico filed a Rule B proceeding in the United States District Court in Mobile, Alabama against the SEA GLASS II ("Vessel") owned by alleged alter ego Nikka Finance, Inc. ("Nikka"). d'Amico claims it attached the Vessel in Mobile, Alabama, because personal jurisdiction is "now an issue" in the referenced matter. That statement is disingenuous. Indeed, by letter dated April 16, 2018, the alleged alter ego defendants argued that the Court may lack personal jurisdiction over all defendants as result of the Supreme Court's decision in *Daimler* and recent cases within the Circuit analyzing whether personal jurisdiction can exist solely based upon an entity registering to do business in the state of New York. However, prior to our April 16, 2018 letter to Your Honor, d'Amico attempted to attach the M/T CAPE TALARA owned by alleged alter ego defendant Pasha Finance, Inc. while she was in Houston. The Court vacated that attachment on the grounds that d'Amico could not establish a prima facie showing that Pasha Finance was the alter ego of Primera.

      d'Amico's request should be denied. d'Amico's request is governed by FRCP Rule 41. Rule 41(a)(2) of the FRCP provides that once a defendant has answered, absent the defendants' consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that

BLANKROME

the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Lan v. Time Warner, Inc.*, No. 11 Civ. 2870 (AT) (JCF), 2015 U.S. Dist. LEXIS 13957, 2016 WL 554588, at *1 (S.D.N.Y. Feb. 9, 2016). Voluntary dismissal without prejudice is "not a matter of right," *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), however the presumption in this Circuit is that voluntary dismissal should be granted absent a showing that "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The Second Circuit in *Zagano* identified additional factors relevant for the determination of whether voluntary dismissal is appropriate: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.* (quoting *Zagano*, 900 F.2d at 14).

Plaintiff cannot meet is burden of proof under *Zagano*. First, Plaintiff has not been diligent, waiting nearly four months to bring its motion. Second, Plaintiff's conduct in demanding discovery and a deposition of Paul Coronis in the SD.Ala. action, after having a full and fair discovery and a full trial in this matter, is indicia of its vexatious conduct. Third, the parties fully litigated this matter before Your Honor over 9 years, eventually completing a one-week bench trial which included the issue of whether Nikka is the alter ego of Primera and are awaiting a decision from this Court. Fourth, there will be unnecessary duplication of expenses to relitigate the issue of whether Nikka is Primera's alter ego. Lastly, Plaintiff's explanation for the need to dismiss indicates it is forum shopping the issue of alter ego.

If the Court is inclined to grant Plaintiff's motion, the Court should order Plaintiff to pay all costs and attorney's fees incurred to defend this action. Rule 41(d) provides:

> Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> > (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> >
> > (2) may stay the proceedings until the plaintiff has complied.

Where a plaintiff voluntarily dismisses a lawsuit and then files a second suit against the same defendant predicated on the same facts, defendant may be entitled to recover the costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs. *See Adams v. New York State Educ. Dep't*, No. 08-CV-5996, 630 F. Supp. 2d 333, 2009 U.S. Dist. LEXIS 37379, at *20-21 (S.D.N.Y. May 4, 2009) *objections overruled and affirmed by*, 630 F. Supp. 2d 333, 2009 U.S. Dist. LEXIS 55123 (S.D.N.Y. June 25, 2009)


BLANKROME
October 22, 2018
Page 3

(quoting *New Phone Co. v. New York City Dep't of Info. Tech. & Telecomm.*, Nos. 06-CV-3529, 07-CV-2474, 2007 U.S. Dist. LEXIS 74693, 2007 WL 2908110 at *16-17 (E.D.N.Y. Oct. 5, 2007) (internal quotation marks omitted)); *Restaurant Teams Int'l v. Dominion Capital Fund, Ltd.*, No. 99-CV-4138, 2002 U.S. Dist. LEXIS 13167 at *5 (S.D.N.Y. July 18, 2002); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) ("courts have generally allowed the recovery of attorney's fees as part of the [Rule 41(d)] costs.") (citing cases).

   "Rule 41(d) is intended to serve as a deterrent to forum-shopping and vexatious litigation." *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 03-CV-1959, 2006 U.S. Dist. LEXIS 50952, at *18 (D. Conn. July 26, 2006); [*10] *Adams*, 630 F. Supp. 2d 333, 2009 U.S. Dist. LEXIS 37379, at *21-22 (citations omitted). "The forum-shopping that Rule 41(d) is intended to guard against occurs when a plaintiff voluntarily dismisses the initial suit and refiles the same action in another court, forcing the defendant to incur further costs, because the plaintiff believes he may capture more favorable law in the second venue than the first." *Phillips*, 2006 U.S. Dist. LEXIS 50952, at *19; *see also Robinson v. Nelson*, No. 98-10802, 1999 U.S. Dist. LEXIS 2004, at *5-6 (D. Mass. Feb. 19, 2008) ("Rule 41(d) is intended to prevent plaintiffs from gaining an advantage through forum shopping, especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else"); *Cf. Blauinsel Stiftung v. Sumitomo Corp.*, No. 99-CV-1108, 2001 U.S. Dist. LEXIS 20746, at *27 (S.D.N.Y. Dec. 14, 2001) (observing that the "intended purpose of Rule 41(d) -- namely, to deter forum shopping and vexatious litigation, -- is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the [prior] suit was to avoid this court's . . . [o]rders") (citations and internal quotation marks omitted).

   For the reasons stated herein Nikka's motion should be denied or, in the alternative, the Court should order Plaintiff to reimburse Nikka for all legal fees paid to defend this action prior to Plaintiff being able to continue with its action in the SD.Ala.

Respectfully submitted,

*/s/ William R. Bennett*

William R. Bennett, III

cc:   Tisdale Law Offices
      Via ECF