UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'AMICO DRY D.A.C.,

            Plaintiff,

- against -

PRIMERA MARITIME (HELLAS) LIMITED, ET AL.,

            Defendants.

09-cv-7840 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

Under Federal Rule of Civil Procedure 62, the movants – fifteen of the defendants in this case[1] – seek a stay pending appeal of the execution of the December 28, 2018 Judgment entered in this case. Dkt. No. 351. The movants seek to stay that Judgment only insofar as it entered default judgments against defendants Paul Coronis, Nicholas Coronis, Primera Ocean Services S.A., and J.P.C. Investments S.A. These defaulting defendants are not movants in this motion and are not represented by the movants' counsel. For the reasons explained below, the movants' motion is **denied**. However, the movants' alternative request that the Court temporarily stay the execution of the default judgments so that the movants can apply

---

[1] The movants are: Adalia Marine Co. Ltd.; Annamar Navigation Inc.; Bulknav Inc.; Caldera Marine Co. Ltd.; Chemnav Inc.; Chemnav Shipmanagement Ltd.; Element Finance Inc.; Handy Finance Inc.; Mirage Finance Inc.; Movida Finance Inc.; Pasha Finance Inc.; Primebulk Shipmanagement Ltd.; Seasafe Navigation Inc.; Seasatin Navigation Inc.; and Sonic Finance Inc.

1

to the Second Circuit Court of Appeals for a stay pending appeal is **granted** only to the extent that the Judgment is stayed as to the defaulting defendants for **fourteen (14) days** to allow the movants to apply for a stay to the Court of Appeals.

I.

The four factors relevant to whether to issue a stay pending appeal are (1) whether the movants will suffer irreparable injury absent a stay, (2) whether another party will suffer substantial injury if a stay is issued, (3) whether the movants have demonstrated a substantial possibility of success on the merits, and (4) the public interests that may be affected. Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993). The moving party bears the "heavy" burden of establishing that these factors weigh in its favor. See Barcia v. Sitkin, No. 79cv5831, 2004 WL 691390, at *1 (S.D.N.Y. Mar. 31, 2004).

The four factors point decidedly against granting a stay.

A.

The first factor, irreparable injury, requires an injury that is actual and imminent, not remote or speculative. Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 884 F. Supp. 2d 108, 123 (S.D.N.Y. 2012). It is well-established that "quantifiable money damages cannot be deemed irreparable harm." Harris v. Butler, 961 F. Supp. 61, 63 (S.D.N.Y. 1997). The

2

movants only argue summarily that "[i]f a stay is not granted, there is a substantial risk that . . . Plaintiff will execute on the Default Judgment against any or all of the Defendants, causing irreparable business disruptions, including the freezing of assets and Rule B attachments of vessels in various ports around the world." Mem. at 14. In addition to this being mere monetary harm, the movants do not explain why this harm is imminent. Nor do they make the "strong showing" necessary to show that economic loss would damage the defaulting defendants' business irreparably. Cf. RxUSA Wholesale, Inc. v. Dep't of Health & Human Servs., 467 F. Supp. 2d 285, 301 (E.D.N.Y. 2006), aff'd sub nom. Dep't of Health & Human Servs., U.S. Food & Drug Admin. v. RxUSA Wholesale, Inc., 285 F. App'x 809 (2d Cir. 2008). The first factor weighs heavily against the movants.

**B.**

The second factor, whether another party will suffer substantial injury if a stay is issued, also weighs heavily against the movants. "[I]t cannot be disputed that [the plaintiff] would be substantially harmed if the judgment against [the defendants] continued to go unsatisfied . . . ." See Cordius Tr. v. Kummerfeld, No. 99cv3200, 2010 WL 234823, at *2 (S.D.N.Y. Jan. 21, 2010).[2] Nevertheless, the movants contend that

---

[2] Relevant to this case, although involving a different sort of elusive conduct by the defendants, the Cordius Trust court continued,

3

the balance of the hardships "tips sharply" in their favor because, "[a]t most, Plaintiff will experience a modest delay in recovering damages should [it] ultimately prevail on [its] claims." Mem. at 15. The plaintiff has sought to enforce its judgment against the defendants for nearly ten years while the movants and the rest of the defendants have played a shell game to avoid payment. Indeed, the fact that not a single defaulting defendant is party to this motion made by other defendants on behalf of the defaulting defendants illustrates the shell game the defendants have been playing. The suggestion that the plaintiff should be forced to wait longer because the remainder of the proceedings will be relatively short is ludicrous. Each stage of this collection saga has unfortunately taken a considerable period of time.

The movants also claim that the plaintiff will not be harmed if a stay is granted because the plaintiff is secured by a letter of undertaking. But the terms of that letter are not before this Court and this Court could not possibly determine

---

> [The plaintiff] has complied with federal, New York, and Massachusetts procedures in its almost decade-long quest to enforce the judgments, but has been obstructed by the [defendants] each step of the way. [The defendants'] request for a stay pending appeal is but one more attempt to obstruct [the plaintiff's] efforts to enforce the judgments against the [defendants]. Granting a stay of the . . . pending appeal would only prolong, possibly for a year or more, the relief to which [the plaintiff] is unquestionably entitled.

Id. at 2.

that the letter sufficiently secures the plaintiff or that the letter could be substituted for a supersedeas bond. The second factor strongly favors denying the movants' request for a stay.

C.

The third factor, likelihood of success on the merits, also strongly favors denying the movants' request for a stay. The movants contend that they are likely to succeed on the merits because the Court, in its December 22, 2018 Opinion and Order, D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd., 2018 WL 6721757, --- F. Supp. 3d ---- (S.D.N.Y. 2018), erroneously held that it had personal jurisdiction over the defaulting defendants. According to the movants, the defaulting defendants were never served in accord with the laws of Greece or Liberia, and so the Court did not have personal jurisdiction over them under Rule 4 of the Federal Rules of Civil Procedure.

The movants' core argument is that the Court improperly found that because the defaulting parties had actual knowledge of the proceedings, the Court had personal jurisdiction over them. This position mischaracterizes the Court's holding. As explained in the December 22, 2018 Opinion, the Court had personal jurisdiction over Primera and the rest of the nondefaulting defendants, and the defaulting defendants were alter egos of those entities. Thus, the Court held that it had personal jurisdiction over the defaulting defendants because

5

> alter egos are treated as one entity for purposes of jurisdiction. Wm. Passalacqua Builders Inc. v. Resnick Dev. So., Inc., 933 F.2d 131, 142-43 (2d Cir. 1991). Moreover, personal jurisdiction exists over a party where its corporate alter ego has "participated fully in the proceedings and therefore waived any objections to lack of service of process." Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991).

D'Amico, 2018 WL 6721757 at *20.

The movants' only response to this, raised for the first time in their reply brief, is an inapposite citation to an out-of-circuit case, Flame S.A. v. Industrial Carriers, Inc., 39 F. Supp. 3d 769, 786 (E.D. Va. 2014), aff'd sub nom. Flame S.A. v. Freight Bulk Pte. Ltd., 807 F.3d 572 (4th Cir. 2015). In that case, the plaintiffs argued that service of an alter ego during that alter ego's appearance at trial constituted sufficient service, and that service of that alter ego at trial effected service of all other alter egos. Id. The Flame court disagreed. Id. In this case, in contrast, the Court had personal jurisdiction over Primera (as well as the other nondefaulting defendants), those entities all participated fully in the proceedings, and the defaulting defendants are alter egos of those entities. Thus, the Court has personal jurisdiction over the defaulting defendants.

The movants also argue in their reply brief, for the first time on this motion, that the Court does not have personal jurisdiction over any of the defendants. That was not a basis

for the motion for a stay, and the plaintiff understandably had no opportunity to reply. "It is well established . . . that a court should not 'consider arguments that are raised for the first time in a reply brief.'" Mateo v. Bristow, No. 12cv5052, 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 n.5 (2d Cir. 2006)). In any event, their arguments are an unpersuasive rehash of previous arguments that were already rejected by the Court in D'Amico, 2018 WL 6721757 at *17-19.

In sum, the movants' arguments as to the merits of their case are unpersuasive. Like the first two factors, the third factor weighs heavily against them.

**D.**

Finally, the movants fail to show that the public interest weighs in favor of granting a stay. The movants argue only that public policy favors granting a stay because they believe the Court's December 22, 2018 Opinion is incorrect with respect to personal jurisdiction. More compelling is a passage from Cordius Trust that applies with equal force here:

> [T]here is an overwhelmingly strong public interest in seeing that the judgments against the [defendants] are finally . . . satisfied and in ensuring that [the defendants] at last compl[y] with [their] legal [o]bligations. Given the extraordinary circumstances of this case, and the history of intransig[ence] on the part of [the defendants], the aphorism that "justice delayed is justice denied" aptly applies.

7

2010 WL 234823 at *2. The public interest strongly favors denying the movants' motion for a stay.

**CONCLUSION**

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the movants' motion for a stay prohibiting enforcement of the December 28, 2018 Judgment in this case is **denied**. The movants' alternative request that the Court temporarily stay the execution of the default judgments in the December 28, 2018 Judgment against Paul Coronis, Nicholas Coronis, Primera Ocean Services S.A., and J.P.C. Investments S.A. is **granted** only to the extent that the Judgment is stayed against those defendants for **fourteen (14) days** to allow those defendants to seek a stay from the Court of Appeals.

The Clerk is directed to close Docket number 361.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 20, 2019**

_____
John G. Koeltl
**United States District Judge**