USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-20-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D'AMICO DRY D.A.C.,

           Plaintiff,

- against -

PRIMERA MARITIME (HELLAS) LIMITED, ET AL.,

           Defendants.

---

09-cv-7840 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The movants – fifteen of the defendants in this case[1] – seek reconsideration of the Court's Opinion and Order dated December 22, 2018. D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd., 2018 WL 6721757, --- F. Supp. 3d ---- (S.D.N.Y. 2018). In that Opinion, this Court held, among other things, that the plaintiff, d'Amico Dry D.A.C., was entitled to interest that had accrued at the English rate of 8-percent per annum on a judgment the plaintiff obtained against defendant Primera Maritime (Hellas) Limited in England on June 19, 2009 ("the English Judgment"). Id. at *23. The Court concluded that the 8-percent interest rate was the operative rate between June 19, 2009, and the date judgment was entered in this case, December 28, 2018, and the postjudgment interest rate set out in 28 U.S.C. § 1961

---

[1] The movants are: Adalia Marine Co. Ltd.; Annamar Navigation Inc.; Bulknav Inc.; Caldera Marine Co. Ltd.; Chemnav Inc.; Chemnav Shipmanagement Ltd.; Element Finance Inc.; Handy Finance Inc.; Mirage Finance Inc.; Movida Finance Inc.; Pasha Finance Inc.; Primebulk Shipmanagement Ltd.; Seasafe Navigation Inc.; Seasatin Navigation Inc.; and Sonic Finance Inc.

1

would apply thereafter. The movants seek reconsideration of this holding and contend that the plaintiff is not entitled to interest on the English Judgment at the 8-percent per annum rate during the period between June 19, 2009, and December 28, 2018. The movants' motion for reconsideration is **denied**.

I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v.

2

Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted).

**II.**

The movants raise six patently untenable arguments, many (if not all) of which were never raised in this case's almost ten-year history.

First, the movants contend that the plaintiff's decision to file its enforcement action in federal court rather than New York state court harmed the movants by causing them to engage in protracted litigation involving questions of jurisdiction. This, the movants contend, created a "manifest injustice." Mem. at 9. The movants cite no authority requiring the plaintiff to have filed its enforcement action in state rather than federal court. Moreover, the movants' outcry of "manifest injustice" ignores at least three salient points: the movants could have avoided interest accruing by simply paying the English Judgment, which was necessitated by Primera's failure to pay the plaintiff a debt it owed the plaintiff in the first instance; after the English Judgment was rendered, Primera used the movant entities in an attempt to avoid paying the judgment; and the movants themselves have drawn out this litigation by filing several motions, some of which, like this one, were plainly meritless.

Second and relatedly, the movants argue that if the plaintiff had filed this action in state court, the English

3

Judgment would have been converted to a United States judgment for enforcement purposes and the federal postjudgment rate set forth in 28 U.S.C. § 1961 would govern. The movants provide no explanation as to why the federal rate would apply if the plaintiff had filed this action to enforce a foreign judgment in state court. Moreover, as explained above, the movants have cited no authority for the proposition that the plaintiff was required to file its enforcement action in state rather than federal court. In addition, the plaintiff points out that § 5004 of the New York Civil Practice Law and Rules provides that postjudgment interest in New York state cases accrues at a <u>9-percent</u> per annum rate. The movants do not respond to this argument. In short, the movants' second argument is meritless.

Third, the movants argue that the § 1961 federal rate applies in this case because that rate "applies to all judgments entered in a [federal] district court." Mem. at 11. The movants add that the § 1961 rate governs unless the parties unequivocally agree otherwise, which, according to the movants' moving brief, they did not. <u>Id.</u> at 13. The movants are correct – the § 1961 rate of postjudgment interest does apply to judgments entered in federal court, namely, the judgment entered in this case on December 28, 2018, Dkt. No. 351. It does not apply to judgments entered outside the United States. The § 1961 rate thus became operative on December 28, 2018, when judgment was

4

entered in this case, not when the plaintiff filed suit in this Court to enforce the English Judgment. The case the movants cite in purported support of their contention otherwise actually confirms this point. See Soc'y of Lloyd's v. Reinhart, 402 F.3d 982, 1005 (10th Cir. 2005) (instructing the district court to apply the English interest rate between the date a judgment was entered in England and the date the district court entered a judgment enforcing the English judgment, and to apply the § 1961 rate thereafter).

Fourth, the movants argue that if this Court determines that the 8-percent per annum rate applies, then the Court should not hold the movants accountable for interest accruing during periods when this case was on appeal. The movants provide no authority or rationale for their proposition. The appeals occurred because this Court had erroneously dismissed the plaintiff's case for lack of jurisdiction. The English Judgment remained outstanding and the plaintiff was denied the money that should have been paid to it. There is no basis to deprive the plaintiff of that money simply because the movants made arguments that were eventually rejected by the Court of Appeals.

Fifth, the movants argue that the English postjudgment interest rate of 8-percent per annum is only recoverable for six years under § 24.(2) of the English Limitation Act. Until this motion for reconsideration, the movants did not raise this

5

English statute, and there is no persuasive reason that they failed to do so. A motion for reconsideration is not the place to raise a new argument. Moreover, the plaintiff included an affidavit of an English solicitor in its opposition papers, in which the solicitor states that § 24.(2) of the statute

> is designed to provide a defendant a procedural defence in circumstances where the claimant delays more than 6 years to execute and then seeks interest after 6 years. The Act allows a defendant to prevent the claimant being awarded more than 6 years' worth of interest. . . . Assuming d'Amico had sought to execute in England immediately and then had been drawn out in (eventually unsuccessful) appeals by Primera for more than 6 years, as has been the case in New York, I simply cannot see the English Court depriving d'Amico of its interest based on [§ ]24(2). It would be unjust and inequitable for the Court to punish d'Amico and reward Primera for its efforts at delay. I do not believe the English Court would do this.

Opp'n Ex. 1 at ¶ 13. The movants do not respond to this point.

Sixth and finally, the movants argue for the first time in their reply brief that the parties agreed that any postjudgment interest would accrue at the USD-LIBOR rate plus 2 percent. The movants admit that they argued in their moving brief that the parties had not agreed to a postjudgment interest rate. The movants nevertheless contend, incredibly, that it would be "clear error" for the Court to apply a postjudgment interest rate to the English Judgment other than USD-LIBOR plus 2 percent – a rate that was not referred to in the case's almost ten-year history and raised solely in the movants' reply brief of their

6

motion for reconsideration. See Reply at 7. The movants' final argument fails. The movants cannot rely on a new argument – and a new interest rate – raised for the first time in a reply brief, and an argument that actually contradicts the prior arguments that the movants made.

**CONCLUSION**

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the movants' motion for reconsideration is **denied**. The Clerk is directed to close docket number 357.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **March 20, 2019**

                                              John G. Koeltl
                                  **United States District Judge**