USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6-24-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D'AMICO DRY D.A.C.,

                Plaintiff,

  - against -

PRIMERA MARITIME (HELLAS) LIMITED,
ET AL.,

                Defendants.

---

09-cv-7840 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The plaintiff, d'Amico Dry D.A.C., moves for attorneys' fees and costs related to recovering the English Judgment owed to it by the defendants. See D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd., 348 F. Supp. 3d 365 (S.D.N.Y. 2018). Fifteen of the defendants in this case[1] oppose the motion. The plaintiff seeks $1,746,415.73 in fees and costs, covering the nearly ten years of litigating this case in this Court,[2] as well as two other actions in two other courts – one in Texas and one in Alabama. See Tisdale Decl. ¶¶ 59-61. The plaintiff's motion is **granted**, but, for the reasons explained below, the award is limited to $898,807.44 in attorneys' fees and costs.

---

[1] The defendants opposing the motion are: Adalia Marine Co. Ltd.; Annamar Navigation Inc.; Bulknav Inc.; Caldera Marine Co. Ltd.; Chemnav Inc.; Chemnav Shipmanagement Ltd.; Element Finance Inc.; Handy Finance Inc.; Mirage Finance Inc.; Movida Finance Inc.; Pasha Finance Inc.; Primebulk Shipmanagement Ltd.; Seasafe Navigation Inc.; Seasatin Navigation Inc.; and Sonic Finance Inc.

[2] The application includes fees and costs related to making and litigating this fee application itself.

As explained in this Court's December 22, 2018 Opinion and Order, the English Judgment and the Forward Freight Agreement between the plaintiff and defendant Primera Maritime (Hellas) Limited provided for future legal fees incurred in collecting the English Judgment after it was entered on June 19, 2009. D'Amico, 348 F. Supp. 3d at 394. The defendants argue for the first time in opposing the plaintiff's motion for attorneys' fees that the English Judgment, which incorporates Section 11 of the ISDA Master Agreement, does not provide for postjudgment attorneys' fees – in other words, fees relating to legal efforts made in collecting the English Judgment. The defendants add, also for the first time in opposition to this motion, that Article 53 of New York's Uniform Foreign Country Money-Judgments Recognition Act, N.Y. CPLR § 5303, precludes courts from recognizing an attorneys' fees award in a foreign judgment if that judgment does not set out a "sum of money" for attorneys' fees.

The plaintiff sought attorneys' fees pursuant to the English Judgment and the Forward Freight Agreement in its briefing related to the bench trial in this case. In response to the plaintiff's request for attorneys' fees, the defendants did not make the arguments they make now, regarding the scope of the English Judgment, Section 11 of the ISDA Master Agreement, and N.Y. CPLR § 5303. And following the bench trial, the Court held

2

that the plaintiff was entitled to attorneys' fees. D'Amico, 348 F. Supp. 3d at 394. The defendants have therefore waived the arguments they advance now to the effect that the plaintiff is not entitled to an award of attorneys' fees. The plaintiff is entitled to attorneys' fees. See Oocl (USA) Inc. v. Transco Shipping Corp., No. 13cv5418, 2016 WL 4481153, at *4 (S.D.N.Y. Aug. 23, 2016); Gentle Wave Shipping S.A. v. Transfield Shipping Inc., No. 09cv7909, 2010 WL 571975, at *1 (S.D.N.Y. Feb. 16, 2010). The English Judgment expressly provides that the defendants will indemnify the plaintiff for "all reasonable out-of-pocket expenses, including legal fees . . . incurred by the [plaintiff] by reason of the enforcement and protection of its rights under this Agreement, including . . . costs of collection." Dkt. No. 6-1. Section 11 of the ISDA Master Agreement states nothing to the contrary. See Dkt. No. 14-2 at 35 (providing for costs incurred, including legal fees, by a party collecting against a defaulting party). And N.Y. CPLR § 5303 – a state, not federal, law – does not invalidate foreign judgments that provide for legal fees incurred in collecting upon those judgments but that do not set the fees out in a "sum of money." Nor does the provision preclude enforcement of such foreign judgments in federal court; rather, the provision sets forth what types of foreign judgments are conclusive and can be enforced by certain actions in New York State courts.

3

The defendants next argue that the plaintiff should not be awarded fees that accrued in the period that relates solely to litigating the subject matter jurisdiction of this action. They contend that this issue was "self-created" and unnecessary because the plaintiff could have filed this suit in New York State court. The defendants contend that the Court must therefore deduct $160,277.63 from any fees awarded to the plaintiff, which reflects fees accrued during the period in which subject matter jurisdiction was at issue.

As explained by this Court previously, this argument is totally without merit. See D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd., No. 09cv7840, 2019 WL 1294283, at *1 (S.D.N.Y. Mar. 20, 2019). Primera attempted to avoid jurisdiction in the courts by withdrawing its registration with New York State. Moreover, the defendants themselves have resisted this case through numerous procedural ploys and meritless motions; there is no assurance that this case would have been simpler, as the defendants contend, if it were filed in state court. There is also no authority that requires the plaintiff to have filed this case in state court. In addition, the defendants could have simply paid the English Judgment that was owed to the plaintiff rather than take every conceivable action to avoid payment. Finally, it is ironic for the defendants to complain about the length of time it took to decide the subject matter jurisdiction

4

issues in this case when the plaintiff eventually prevailed on a finding in the Court of Appeals that jurisdiction was indeed proper. The plaintiff should not be penalized for successfully litigating that there was jurisdiction in this Court – jurisdiction which the defendants refused to accept.

The defendants do, however, argue persuasively that the plaintiff should not receive attorneys' fees and costs related to the actions in Texas and Alabama. The plaintiff does not purport to be a prevailing party in the Texas action, which generated fees of $24,415.88. Tisdale Decl. ¶ 17. And the plaintiff's Alabama action is ongoing. See d'Amico Dry d.a.c. v. Nikka Finance, Inc. et al., 18cv284 (S.D. Ala.). The costs of the Alabama action are not costs incurred in enforcing the English Judgment in this Court. This Court defers to the Southern District of Alabama Court in that action to determine whether the plaintiff's costs in that action are reasonable and recoverable. See Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) (stating that a district court is given "considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation" (quotation marks omitted)). According to the defendants, the plaintiff has requested $847,608.29 in this motion for fees and costs related to the Texas and Alabama matters. See Defs.' Ex. B. Although the

5

plaintiff contends that it is entitled to fees related to these matters, it does not contest the defendants' $847,608.29 calculation. The plaintiff is therefore not entitled to the $847,608.29 in fees and costs related to the Texas and Alabama matters.

The defendants also argue that the plaintiff should not be entitled to recover on redacted entries and entries that contain block billing, and thus request that any award to the plaintiff be reduced by $246,991.36 plus an additional 50 percent reduction of the remaining fees. But the redactions are minimal enough, and the block-billed entries comprehensible enough, that the Court can determine and assess the nature of the work performed. See Zimmerman v. Portfolio Recovery Assocs., LLC, No. 09cv4602, 2013 WL 6508813, at *11-12 (S.D.N.Y. Dec. 12, 2013); CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A., No. 07cv11078, 2011 WL 4526132, at *4 (S.D.N.Y. Sept. 29, 2011).

Finally, the defendants argue that the plaintiff's expenses are insufficiently documented, and therefore unrecoverable, because the expenses are not supported by separate invoices but rather are only listed in the plaintiff's general billing records and in two declarations. The defendants add that the plaintiff should not be reimbursed for meals, an expense for which clients routinely do not agree to pay. See Themis Capital v. Democratic Republic of Congo, No. 09cv1652, 2014 WL 4379100,

at *12 (S.D.N.Y. Sept. 4, 2014). The defendants request that any award to the plaintiff for expenses accordingly be reduced by 50 to 75 percent. The defendants' arguments are not persuasive.

First, the expenses listed in the plaintiff's billing records are sufficiently clear to determine their connection to this matter and their reasonableness. The cases cited by the defendants to support their argument to the contrary involve more specious expenses that were poorly documented. See Hargroves v. City of New York, No. 03cv1668, 2014 WL 1270585, at *23 (E.D.N.Y. Jan. 6, 2014), report and recommendation adopted, No. 03cv1668, 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014); Robinson v. City of New York, No. 05cv9545, 2009 WL 3109846, at *14 (S.D.N.Y. Sept. 29, 2009); see also Kronfeld v. Transworld Airlines, Inc., 129 F.R.D. 598, 610 (S.D.N.Y. 1990) (involving entries that provided virtually no information about the expenses). In this case, the plaintiff's expenses are documented adequately and are reasonable.

Second, the plaintiff contends, and its Exhibits D-1 through D-11 support, that the few, relatively inexpensive meals listed as expenses were required by out-of-town travel. These meals are compensable. See Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC, No. 05cv6757, 2009 WL 466136, at *6 (S.D.N.Y. Feb. 25, 2009) (distinguishing between meals that are required

by out-of-town travel and meals that are not and stating that the latter are not compensable).

Other than the objections specified above, the defendants do not object to any other aspects of the plaintiff's fee request. The defendants do not object to the hours plaintiff's counsel spent litigating this matter. And the Court, in view of its familiarity with this case's extensive, contentious history, finds the hours spent by plaintiff's counsel, and the nature of the work performed, to be reasonable. The defendants also do not contest the hourly rates charged by plaintiff's counsel. The hourly rates charged – between $280 and $345 for a partner with nearly forty years' experience; between $110 and $290 for all other attorneys, some of whom had extensive relevant experience; and $135 or less for paralegals and legal assistants[3] – are also thoroughly reasonable. See Navig8 Chemicals Asia Pte., Ltd. v. Crest Energy Partners, LP, No. 15cv7639, 2015 WL 7566866, at *2 (S.D.N.Y. Nov. 24, 2015); Norland Enter. S. de R.L. v. C-Fuels Am. Inc., No. 10cv9215, 2012 WL 13060077, at *2-3 (S.D.N.Y. June 22, 2012).

The plaintiff correctly claims that it is also entitled to the fees its counsel accrued in making and litigating the fee application itself. See Reed v. A.W. Lawrence & Co., 95 F.3d

---

[3] Tisdale Decl. ¶¶ 3-11; Pl.'s Exs. D1-D11.

1170, 1183 (2d Cir. 1996) ("[A]ttorneys' fees for the preparation of the fee application are compensable . . . ."). The time spent preparing and litigating this application, the rates charged, and the nature of the work performed, see Pl.'s Reply Ex. 1, are all reasonable, and attorneys' fees should be awarded for this work. The plaintiff is therefore entitled to its requested $24,420 in attorneys' fees and costs related to this motion.

In sum, an attorneys' fees and costs award of $898,807.44 to the plaintiff is appropriate in this case. See CARCO GROUP, Inc. v. Maconachy, 718 F.3d 72, 85 (2d Cir. 2013) (noting that district courts are given "wide latitude . . . to assess the propriety of attorneys' fees and costs requests").

**CONCLUSION**

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the plaintiff's motion for attorneys' fees and costs is **granted** in the amount of $898,807.44.

The Clerk is directed to enter a fee award for the plaintiff, and against the defendants, in the amount of $898,807.44 for the plaintiff's attorneys' fees and costs.

**SO ORDERED.**

**Dated:** **New York, New York**
**April 24, 2019**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　**United States District Judge**